# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ELIZABETH ELSTON, individually, and on behalf of all others similarly situated,<br><br>**Plaintiff,**<br><br>v.<br><br>**HORIZON GLOBAL AMERICAS, INC.,**<br>Registered Agent:<br>The Corporation Company, Inc.<br>2900 SW Wanamaker Drive, Ste. 204<br>Topeka, KS 66614<br><br>**Defendant.** | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Civ. No.:_____ |

## COMPLAINT
### Class and Collective Action Claims

Plaintiff Elizabeth Elston ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through her counsel, brings this Complaint against Horizon Global Americas, Inc. ("Horizon" or "Defendant"), and hereby states and alleges as follows:

## INTRODUCTION

1. Plaintiff and all other similarly situated employees work or worked for Defendant Horizon, a designer, manufacturer, and distributor of a wide variety of custom-engineered towing, trailering, cargo management and other related accessory products in North America, Australia, and Europe. See http://horizonglobal.com/ (last visited on February 5, 2019).

2. Pursuant to its company-wide policies and procedures, Defendant failed to pay Plaintiff, and other similarly situated employees, for all hours worked and federal and/or state mandated overtime for all hours worked over forty (40) in a single workweek. Additionally, Defendant's rounding and timekeeping policies and practices are used in such a manner that results, over a period of time, in the failure to compensate its employees properly for all time worked. Defendant's systemic violations of federal and state wage laws were willful.

1

3. Plaintiff, on behalf of herself and all others similarly situated, brings this lawsuit as: (a) a collective action under the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201 *et seq.*, to recover unpaid overtime and minimum wages owed to Plaintiff and all other similarly situated workers employed by Defendant; and (b) a Rule 23 class action under the Kansas Wage Payment Act ("KWPA"), K.S.A. § 44-313 *et seq.*

4. Plaintiff's Consent to be a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached to this Complaint as Exhibit A.

## JURISDICTION AND VENUE

5. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over the FLSA claims of Plaintiff and all others similarly situated is based on 29 U.S.C. § 201, *et seq.* and 28 U.S.C. § 1331.

6. The United States District Court for the District of Kansas has personal jurisdiction because Defendant is located and conducts business within this District.

7. Kansas law authorizes court actions by private parties to recover damages for violation of the KWPA. Jurisdiction over the state law claims of Plaintiff and all others similarly situated is based on 28 U.S.C. § 1367 and K.S.A. § 44-324, in that the state law claims are so related to the FLSA claims that they form part of the same case or controversy.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because Defendant has offices, conducts business, and can be found in the District of Kansas and the causes of action set forth herein have arisen and occurred in part in the District of Kansas. Venue is also proper under 29 U.S.C. § 1132(e)(2) because Defendant has substantial business contacts within the District of Kansas.

## PARTIES

9. Plaintiff is an individual residing in the State of Kansas.

10. Plaintiff was employed by Defendant from January 1, 2018 through April 4, 2018 as a Warehouse Associate at Horizon's warehouse located at 32901 W. 193rd Street, Edgerton, KS 66021.

11. Defendant Horizon is a for-profit company organized and existing under the laws of the State of Delaware, with its principal place of business located in the State of Michigan. Horizon is registered and in good standing to do business in the State of Kansas. Service of process may be achieved by serving Horizon's registered agent, the Corporation Service Company located at 2900 SW Wanamaker Drive, Suite 204, Topeka, Kansas 66614.

12. According to its website, Defendant Horizon has approximately 4,700 employees and 67 facilities in 21 countries. See http://horizonglobal.com/ (last visited on February 5, 2019).

13. Plaintiff and all similarly situated employees are non-exempt, hourly employees who work or worked for Defendant in its warehouses nationwide.

14. At all relevant times, Defendant was the employer of Plaintiff, and all other similarly situated employees:

    a. Defendant had the power to hire and fire Plaintiff and all other similarly situated employees;

    b. Defendant supervised and controlled the work schedules and conditions of employment of Plaintiff and all other similarly situated employees;

    c. Defendant determined the rate and method of payment for Plaintiff and all other similarly situated employees; and

    d. Defendant maintained employment records (including time clock records) for Plaintiff and all other similarly situated employees.

15. At all times relevant to this action, Defendant acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## GENERAL ALLEGATIONS

16.     Plaintiff re-alleges the allegations set forth above.

17.     Defendant utilizes a computerized system which tracks the exact time (accurate to 1 minute or less) an hourly employee clocks in and out of work.

18.     Even though Defendant maintain a system which records, to the minute, the time an employee clocks in and out, Defendant utilizes a rounding system for purposes of computing payroll.

19.     Per Defendant's rounding policies and procedures, if Defendant's employees clock in ten minutes or less before the scheduled start time of their shift, Defendant rounds the employees' clock-in time to their respective start time. If the employee clocks in more than ten minutes prior to the start time of their shift, the employees' start time is not rounded.

20.     When Defendant's employees clock out at the end of their shift, Defendant rounds the employees' clock-out time back to the nearest tenth of an hour. If the employee clocks out on the tenth of an hour, the employees' time is not rounded.

21.     Horizon's rounding system is not neutral and never favors Horizon's employees.

22.     Horizon's policy and practice of computing working time by "rounding" is used in such a manner that it has resulted, over a period of time, in the failure to compensate Plaintiff and all similarly situated employees properly for all the time they have actually worked. For example:

   a.     On February 19, 2018, Plaintiff clocked in at 5:51 a.m., and Horizon rounded her clock-in time to 6:00 a.m. for purposes of computing payroll and the number of hours worked. Plaintiff clocked out at 2:00 p.m., and Horizon used her 2:00 p.m. clock-out time for purposes of computing payroll and the number of hours worked. Horizon's rounding system resulted in Plaintiff losing approximately ten (10) minutes of compensable work time that shift.

b.  On February 20, 2018, Plaintiff clocked in at 5:51 a.m., and Horizon rounded her clock-in time to 6:00 a.m. for purposes of computing payroll and the number of hours worked. Plaintiff clocked out at 2:19 p.m., and Horizon rounded her clock-out time to 2:18 p.m. for purposes of computing payroll and the number of hours worked. Horizon's rounding system resulted in Plaintiff losing approximately ten (10) minutes of compensable work time that shift.

c.  On February 21, 2018, Plaintiff clocked in at 5:51 a.m., and Horizon rounded her clock-in time to 6:00 a.m. for purposes of computing payroll and the number of hours worked. Plaintiff clocked out at 1:43 p.m., and Horizon rounded her clock-out time to 1:42 p.m. for purposes of computing payroll and the number of hours worked. Horizon's rounding system resulted in Plaintiff losing approximately ten (10) minutes of compensable work time that shift.

d.  On February 23, 2018, Plaintiff clocked in at 5:55 a.m., and Horizon rounded her clock-in time to 6:00 a.m. for purposes of computing payroll and the number of hours worked. Plaintiff clocked out at 1:59 p.m., and Horizon rounded her clock-out time to 1:54 p.m. for purposes of computing payroll and the number of hours worked. Horizon's rounding system resulted in Plaintiff losing approximately ten (10) minutes of compensable work time that shift.

e.  Horizon's rounding policy resulted in Plaintiff receiving no direct hourly wage for approximately forty (40) minutes of work during the above workweek.

23. From January 14, 2018 through April 4, 2018, the approximate duration of Plaintiff's employment with Horizon, the difference between her actual hours worked and the rounded hours for which she was paid by Horizon resulted in Plaintiff receiving no direct hourly wage (or overtime wage) for approximately 174 minutes (nearly 3 hours) of compensable work.

24. Horizon has no good faith basis to use such a rounding system as their time clocks record the actual clock-in and clock-out times to at least a one-minute accuracy.

25. In addition to Horizon's unlawful rounding policy, Horizon's policies encourage its employees, such as Plaintiff and the putative class members to collect and prepare all equipment before they begin receiving compensation.

26. The collection and preparation of equipment by Plaintiff and the putative class members is an integral and indispensable part of Plaintiff's and the putative class members' principal job duties.

27. As Warehouse Associates, or others with similar job titles, duties, and compensation structures, Plaintiff and the putative class members are required to select equipment, go through a safety check list, and move the equipment to the other side of the building before clocking in for their shifts. The Warehouse Associates' job duties require the equipment described above and herein.

28. Pursuant to Defendant's policies, Plaintiff and all similarly situated employees are required to begin performing integral and indispensable pre-shift activities without compensation.

29. Pursuant to Defendant's policies, Plaintiff and all similarly situated employees are not compensated for performing, inter alia, the integral and indispensable pre-shift activities described herein.

30. As a result of Defendant's policies, Plaintiff and all similarly situated employees are not compensated at the legal and appropriate rates set forth pursuant to state/federal law.

31. Defendant's failure to pay this unpaid time has resulted in Plaintiff and all similarly situated employees being regularly denied proper compensation under the FLSA and/or the KWPA.

32. Plaintiff and all similarly situated employees, in conformance with Defendant's policies, practices, and/or procedures, regularly commence work fifteen minutes before the start of their scheduled shifts.

33. Plaintiff and all similarly situated employees, in conformance with Defendant's policies, practices, and/or procedures, regularly clock in after performing all or some of the above-mentioned pre-shift work duties and are therefore not compensated for all of the time spent performing these duties. For example, during the workweek of February 18, 2018 (Defendant's workweek runs from Sunday to Saturday), Plaintiff worked four (4) shifts. Plaintiff estimates that she reported to work for each of these shifts at 5:45 a.m., or earlier, and began performing the uncompensated activities including those described above in Paragraph 27. Plaintiff clocked in at 5:51 a.m. on February 19th, 20th, and 21st, six minutes after beginning her pre-shift activities. Plaintiff clocked in at 5:55 a.m., on February 23rd, ten minutes after beginning her pre-shift activities. As a result, Plaintiff worked approximately twenty-eight (28) minutes ((6 x 3) + 10), that were uncompensated.

34. Horizon has complete knowledge of all hours worked by Plaintiff and all similarly situated employees, and yet their policies, practices, and/or procedures are designed to intentionally avoid paying their employees for all such hours worked.

35. Horizon's failure to pay their employees for all unpaid time has resulted in Plaintiff and all similarly situated employees being regularly and willfully denied proper compensation under the FLSA and/or the KWPA.

**COLLECTIVE AND CLASS ACTION ALLEGATIONS**

7

36. Plaintiff re-alleges the allegations set forth above.

37. Plaintiff brings Count I, the FLSA claim arising out of Horizon's unlawful rounding and timekeeping policies, as an "opt in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following class: All persons currently and formerly employed by Defendant Horizon in hourly positions who worked at any time during the last three (3) years within the United States.

38. Plaintiff, individually and on behalf of all others similarly situated, seeks relief on a collective basis challenging Horizon's above-described FLSA violations. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Horizon's records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

39. Plaintiff brings Count II, the KWPA claim arising out of Horizon's unlawful rounding and timekeeping policies, as a class action under Fed. R. Civ. P. 23, on behalf of herself and the following class: All persons currently and formerly employed by Defendant in hourly positions who worked at any time during the last three (3) years within the State of Kansas.

40. Plaintiff's KWPA claim (Count II), described in detail below, satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

41. This class numbers in the hundreds or thousands of persons. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this action through regular mail, e-mail, and/or posting of an approved notice.

42. There are common questions of fact and law to the class that predominate over any questions affecting only individual class members. The questions of law and fact common to the class arising from Horizon's actions include, without limitation, the following:

  a. Whether Horizon violated the law when it failed to pay Plaintiff and class members for all hours worked;

  b. Whether Horizon had policies and practices of failing to compensate Plaintiff and class members for all time worked;

  c. Whether Horizon failed to pay Plaintiff and class members straight time compensation required under the KWPA;

  d. Whether Horizon willfully violates state and federal wage and hour laws; and

  e. Whether Horizon maintained a lawful timekeeping system.

  43. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

  44. Plaintiff's claims are typical of those of the respective classes in that class members have been employed in the same or similar positions as Plaintiff and were subject to the same or similar unlawful practices as Plaintiff.

  45. A class action is the superior method for the fair and efficient adjudication of Plaintiff's claims. Horizon has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

  46. Plaintiff is an adequate representative because she is a member of the class and her interests do not conflict with the interests of the members of those classes she seeks to represent. The interests of the members of the class will be fairly and adequately protected by Plaintiff and her

undersigned counsel, who are experienced prosecuting complex wage and hour, employment, and class action litigation.

47. Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in consistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## ALLEGATIONS APPLICABLE TO ALL FLSA CLAIMS (COUNT I)

48. Plaintiff re-alleges the allegations set forth above.

49. At all times material herein, Plaintiff and all others similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

50. The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).

51. Horizon is subject to the minimum wage and overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

52. During all relevant times to this action, Defendant Horizon was the "employer" of Plaintiff and all similarly situated employees within the meaning of the FLSA. 29 U.S.C. § 203(d).

53. During all times relevant to this action, Plaintiff and all similarly situated employees were Horizon's "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

54. Plaintiff and all similarly situated employees are covered, non-exempt employees within the meaning of the FLSA. Accordingly, Plaintiff and all similarly situated employees must be paid minimum wage in accordance with 29 U.S.C. § 206.

55. Pursuant to the FLSA, employees are also entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek. 29 U.S.C. § 207(a).

56. Although the FLSA contains some exceptions (or exemptions) from the minimum wage and overtime requirements, none of those exceptions (or exemptions) applies here.

57. Plaintiff and all similarly situated employees are victims of uniform and nationwide compensation policies. Upon information and belief, Horizon is applying the same unlawful compensation policies to all similarly situated employees in their warehouses nationwide.

58. Plaintiff and all similarly situated employees are entitled to damages equal to the mandated minimum wage and overtime premium pay within the three (3) years preceding the filing of this Complaint, plus periods of equitable tolling, because Horizon acted willfully and knew, or showed reckless disregard of whether its conduct was prohibited by the FLSA.

59. Horizon has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages as described by Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Horizon acted in good faith or with reasonable grounds in failing to pay minimum wage and overtime compensation, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

60. As a result of these violations of the FLSA's minimum wage and overtime pay provisions, compensation has been unlawfully withheld by Horizon from Plaintiff and all similarly

situated employees. Accordingly, pursuant to 29 U.S.C. § 216(b), Horizon is liable for the unpaid minimum wages and overtime premium pay along with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## **ALLEGATIONS APPLICABLE TO ALL KWPA CLAIMS (COUNT II)**

61. Plaintiff re-alleges the allegations set forth above.

62. At all times relevant, Plaintiff and the class members have been entitled to the rights, protections, and benefits provided under the Kansas Wage Payment Act ("KWPA"), K.S.A. § 44-313 *et seq.*

63. The KWPA prohibits an employer from withholding, deducting, and/or diverting any portion of an employee's earned waged, subject to limited exceptions not applicable herein. *See* K.S.A. § 44-319(a)-(e).

64. During all times relevant to this action, Defendant was an "employer" of Plaintiff and the class members within the meaning of the KWPA. K.S.A. § 44-313(a).

65. During all times relevant to this action, Plaintiff and the class members were Defendant's "employees" within the meaning of the KWPA. K.S.A. § 44-313(b).

66. Plaintiff and the class members are entitled to be compensated for all hours worked.

67. At all times relevant herein, Plaintiff and similarly situated employees, were not compensated for performing compensable work activities that are integral and indispensable to the performance of their principal job activities and primary job duties.

68. Pursuant to the KWPA, such employees are also entitled to be paid all wages due and, if Defendant's conduct is found to be willful, the Defendant would be liable for a penalty of up to 100% of the unpaid wages. K.S.A. § 44-315(b).

69. Plaintiff and the class members are victims of uniform and employer-created timeclock policies. Based on information and belief, Defendant is applying the same unlawful

timeclock policies to Plaintiff and the class members throughout its business locations in Kansas.

70. Plaintiff and the Class are entitled to all damages, penalties, fees, and costs, as provided by the KWPA, within five (5) years preceding the filing of this Complaint, plus periods of equitable tolling.

71. Plaintiff and the Class are also entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

## **COUNT I - FLSA**

72. Plaintiff re-alleges the allegations set forth above.

73. Horizon violated the FLSA by failing to pay Plaintiff and all other similarly situated employees for all compensable hours worked at the legal and applicable wage rates for all hours worked in a workweek. Specifically, Plaintiff and similarly situated employees were not paid pursuant to the FLSA for all hours worked in excess of forty hours in a workweek at the rate of one and one-half times their regular rate for all such hours worked.

74. Specifically, as discussed above, Horizon utilizes an unlawful rounding policy that forces employees to work off-the-clock without being paid at the legal and applicable wage rates for both straight and overtime hours. Additionally, Horizon utilizes an unlawful timeclock policy that requires hourly employees to regularly perform compensable activities that are integral and indispensable to the performance of their principal job duties without compensation. As a result of Defendant's rounding and timeclock policies, Defendant violated the FLSA.

75. Horizon's practice was to unlawfully and willfully fail to properly pay their hourly employees for all hours worked.

76. WHEREFORE, on Count I of this Complaint, Plaintiff and all similarly situated employees demand judgment against Horizon and prays this Court:

a. Issue notice to all similarly situated employees of Horizon informing them of their right to file consents to join the FLSA portion of this action;

b. Award Plaintiff and all similarly situated employees damages for unpaid minimum wages and unpaid overtime wages under 29 U.S.C. § 216(b);

c. Award Plaintiff and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);

d. Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

e. Award Plaintiff and all similarly situated employees attorneys' fees and costs under 29 U.S.C. § 216(b);

f. Award Plaintiff and all similarly situated employees such other relief as the Court deems fair and equitable.

## COUNT II – KWPA

77. Plaintiff re-alleges the allegations as set forth above.

78. Horizon violated the KWPA by failing to pay Plaintiff and all other similarly situated employees for all compensable hours worked at the applicable straight time rates.

79. Specifically, as discussed above, Horizon utilizes an unlawful rounding policy that, when combined with its disciplinary policies, forces employees to work off-the-clock without being paid their contracted hourly rates for straight time hours. Additionally, Defendant utilizes an unlawful timeclock policy that requires Warehouse Associates, and other similarly situated employees, to regularly perform compensable activities that are integral and indispensable to the performance of their principal job duties without compensation. As a result of Defendants rounding and timeclock policies, Defendant violated the KWPA.

14

80. Pursuant to the employment relationship between Plaintiff and the putative class members and the Defendant, Defendant agreed to pay these employees at a specified hourly rate for their labor.

81. Pursuant to Horizon's timeclock rounding policy, Horizon's practice was to unlawfully and willfully fail to properly pay their hourly employees their contracted hourly rate for all hours worked.

82. WHEREFORE, on Count II of this Complaint, Plaintiff and the Class demand judgment against Horizon and pray this Court:

    a. Certify the state law claim set forth in Count II above as a class action pursuant to Fed. R. Civ. P. 23;

    b. Award Plaintiff and the Class damages for unpaid straight time wages under the KWPA;

    c. Award Plaintiff and the Class liquidated damages under the KWPA;

    d. Award Plaintiff and the Class pre-judgment and post-judgment interest as provided by law;

    e. Award Plaintiff and the Class attorneys' fees and costs as allowed by law; and

    f. Award Plaintiff and the Class such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues so triable.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates the United States District Court for the District of Kansas at Kansas City, Kansas as her place of trial.

Dated: February 7, 2019

Respectfully submitted,

OSMAN & SMAY LLP

By: s/ Kathryn S. Rickley
Matthew E. Osman, KS Bar #23563
Kathryn S. Rickley, KS Bar #23211
8500 W. 110th Street, Suite 330
Overland Park, Kansas 66210
Telephone: (913) 667-9243
Facsimile: (866) 470-9243
mosman@workerwagerights.com
krickley@workerwagerights.com