Case 2:19-cv-02070-KHV-GEB   Document 46   Filed 05/17/21   Page 1 of 4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ELIZABETH ELSTON, individually and on behalf of others similarly situated, ) ) ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 19-2070-KHV |
| ) | |
| HORIZON GLOBAL AMERICAS, INC., ) ) | |
| Defendant. ) ) | |

## ORDER GRANTING FINAL SETTLEMENT APPROVAL

Before the Court is plaintiff's Unopposed Motion For Final Settlement Approval And Suggestions In Support Thereof (Doc. #44). Having reviewed and considered the motion and all evidence offered in support, the Court finds as follows:

(1)   This Court has jurisdiction over the subject matter of this action, and jurisdiction over plaintiff, the participating class members, the Settlement Classes, and defendant;

(2)   The terms of the parties' Settlement Agreement and Addendum To The Settlement Agreement (Doc. # 39-1 and 39-2) are fair, reasonable and adequate, and the litigation involves bona fide wage and hour disputes;

(3)   The settlement and the Agreement are the product of contested litigation and resulted from non-collusive, arm's-length negotiations;

(4)   The contents and distribution method of the Court-approved Amended Notice constituted the best notice practicable to the Settlement Classes under the circumstances and satisfied the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1) and due process;

(5)   Based on evidence and other material submitted in conjunction with the preliminary and final motions for approval, the Notice was adequate and was disseminated as

previously approved by this Court. The documents informed the members of the Settlement Classes of their rights to exclude themselves from the settlement, as well as their right to object to any aspect of the proposed settlement;

(6)     The attorneys' fees requested in the motion for final approval are reasonable in light of the work performed and results obtained;

(7)     Class Counsels' costs and expenses were reasonably and necessarily incurred in the prosecution of this litigation; and

**WHEREFORE**, this Court holds as follows:

(1)     That the settlement is a fair, reasonable and adequate compromise of a bona fide dispute under both the state common laws and wage and hour laws pled and the Fair Labor Standards Act. The terms set forth in the Settlement Agreement and Addendum are approved as being fair, reasonable and adequate in light of the degree of recovery obtained in relation to the risks faced by the members of the Settlement Classes in litigating the claims. The Settlement Classes are properly certified as part of the settlement and the criteria for 216(b) and Rule 23 certification have been fully met. The relief provided to the members of Settlement Classes under the Agreement is appropriate as to the individual members of the Settlement Classes, and as to the Settlement Classes as a whole.

(2)     The Court further finds the releases and other terms contained in the Settlement Agreement to be fair, just, reasonable and adequate as to plaintiffs and the members of the Settlement Classes.

(3)     <u>Plaintiffs' Unopposed Motion For Final Settlement Approval And Suggestions In Support Thereof</u> (Doc. #44) is **GRANTED**;

(4)     The Court hereby finally approves the collective and class action settlement, as set

forth in the Settlement Agreement.

(5)     With respect to the Rule 23 Class, for settlement purposes, this Court finds and concludes as follows: (a) the members of the Rule 23 Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Rule 23 Class members, and there is a well-defined community of interest among the Rule 23 Class members with respect to the subject matter of this action; (c) the claims of plaintiffs/Class Representatives are typical of the claims of the Rule 23 Class; (d) plaintiffs/Class Representatives have fairly and adequately protected the interests of the Rule 23 Class; (e) Class Counsel is qualified to serve as counsel for plaintiffs/Class Representatives and the Rule 23 Class; and (f) a class action is superior to other available methods for an efficient adjudication of this controversy and common issues predominate over individual issues.

(6)     Solely for purposes of effectuating this settlement, this Court hereby finally certifies the 29 U.S.C. § 216(b) Collective Class and the Rule 23 Class, as defined in the Agreement and related documents.

(7)     Defendant is directed to issue settlement payments to the Settlement Classes in accordance with the terms of the Settlement Agreement and Addendum to the Settlement Agreement;

(8)     Payment of approved attorneys' fees and costs requested shall be made in accordance with the terms of the Settlement Agreement and Addendum to the Settlement Agreement;

(9)     Without affecting the finality of the Settlement or this Order, this Court retains jurisdiction over this case for purposes of resolving any issues pertaining to settlement administration, and consummation, enforcement and interpretation of the Agreement; and

(10)     This Action is hereby **DISMISSED in its entirety WITH PREJUDICE**, and the Clerk shall enter final judgment dismissing the action with prejudice, for plaintiffs and members of the Settlement Classes as set forth in the Agreement and without costs to any party, except to the extent otherwise expressly provided in the Agreement, having the fullest *res judicata* effect. This Court intends this Order to be "Final" within the meaning of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure; and

(11)     Plaintiffs and the members of the Settlement Classes are bound by the release and other terms in the Settlement Agreement and the Notice Packet, as set forth in the Settlement Agreement, and shall conclusively be deemed for all purposes to be permanently barred from commencing, prosecuting or otherwise maintaining in any court or any forum any action based on the released claims against defendant as set forth in the Settlement Agreement and Notice Packet;

(12)     Neither this Order nor any aspect of the settlement or Agreement is to be construed or deemed an admission of liability, culpability or wrongdoing on the part of defendant. The parties to the Agreement entered into the Agreement with the intention to avoid further disputes and litigation with the attendant risk, inconvenience and expenses; and

(13)     The Court finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay, and directs the Clerk to enter this Order.

**IT IS SO ORDERED.**

Dated this 17th day of May, 2021 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge